PEDRO AND CRESCENCIANA SARMIENTO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40773. Promulgated May 26, 1953.

---

[13] Footnote 1, *supra.*

*Pedro Sarmiento, pro se.*
*Nathan M. Silverstein, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency in income tax for 1949 of $477. The only issue for decision is whether the petitioner is entitled to credits for dependents for four children living in the Philippine Islands. The facts are presented in a stipulation.

The petitioners, husband and wife, filed a joint return for 1949 with the collector of internal revenue for the district of Kentucky.

Pedro was born in the Philippine Islands on July 23, 1906. He entered the United States Army on September 23, 1925, as a member of the Philippine Scouts and continued as such until he enlisted in the United States Army. He is now a captain in the United States Regular Army.

The Philippine Islands, formerly possessions of the United States, were granted their independence on July 4, 1946. Pedro was naturalized on October 9, 1946.

Crescenciana was born in the Philippine Islands on November 24, 1908. She has never become a naturalized citizen of the United States.

The five children were born to the petitioners in the Philippine Islands on the dates indicated as follows:

Pedro David_____ July 22, 1933    Vicente Geminiano_____ Sept. 16, 1943
Apolinar-Rafael_____ Jan. 8, 1937     Maria Soccoro_____ July 10, 1948
Maria Helena_____ Feb. 21, 1938

Pedro was stationed in Manila, Philippine Islands, in 1949 until August at which time he was ordered to a permanent change of station in the United States. He arrived at San Francisco on September 12, 1949, and from there went to his home station camp at Campbell, Kentucky.

Crescenciana and the children remained in Manila, Philippine Islands, for the entire year 1949. They left the Philippine Islands on September 6, 1950, arrived in the United States on September 17, 1950, and thereafter resided in Kentucky with Pedro.

Pedro contributed over half the support of the children during 1949.

The petitioners claimed credit for all five children as dependents on their return for 1949. The Commissioner, in determining the deficiency, disallowed the claim as to all five and explained:

The qualifications for a dependent as defined in the code does not apply, nor include individuals who are citizens, or subjects of a foreign country unless they are residents of the United States, Canada, or Mexico some time during the calendar year. (Section 25 (b) (3) of the tax code.) Therefore, the five children residing in the Philippines have been disallowed as dependents.

The Commissioner concedes error in disallowing a credit for one child, Maria Soccoro, born while Pedro was a citizen of the United States.

The Commissioner relies upon the following sentence in section 25 (b) (3):

The term "dependent" does not include any individual who is a citizen or subject of a foreign country unless such individual is a resident of the United States or of a country contiguous to the United States.

He also relies upon the following sentence in section 29.25-3 (d) (5) of Regulations 111:

A citizen or subject of a foreign country may not be claimed as a dependent unless he is a resident of the United States, Canada or Mexico at some time during the calendar year in which the taxable year of the taxpayer begins.

He points out that four of the children were born in the Philippines before Pedro became a citizen of the United States and they resided there all during 1949. He argues that they were citizens or subjects of the Philippine Islands, a foreign country not contiguous to the United States. He says that all persons who were Filipino Nationals while the United States exercised sovereignty over the Philippine Islands, lost that status and became aliens after July 4, 1946, when the President of the United States proclaimed the independence of the Philippine Islands, citing *Cabebe Vacheson*, 183 F. 2d 795, and *Application of Viloria*, 84 F. 2d 584. The Philippine Islands can not be regarded as contiguous to the United States within the meaning of that word as used in section 25 (b) (3).

The last paragraph of the stipulation is as follows:

Maria Soccoro, born on July 10, 1948 was a citizen of the United States during the year 1949. The other four children claimed by petitioner as dependents on his return were citizens or subjects of a foreign country under the provisions of section 25 (b) (3) of the Internal Revenue Code.

That stipulation is supported by the law. The four children were born outside of the United States of alien parents. Their father was then naturalized but their mother was not. They continued without compulsion to reside outside of the United States. The law is clear that they did not become citizens of the United States, at least while they continued to reside outside of the United States. Title 8, section 714, U.S.C.A.; *United States* v. *Tod*, 297 F. 385, certiorari dismissed 267 U. S. 607; *United States* v. *Day*, 23 F. 2d 489, certiorari denied 277 U. S. 598. This result may seem harsh (but see *Isak S. Gitter*, 13 T. C. 520, 526–7 for the legislative history and purpose of the provision) ; nevertheless the law requires it.

*Decision will be entered under Rule 50.*